**Michael Grinblat** (4159752)
Law Offices of Michael Grinblat
10 East 39th Street, 12th Floor
New York, NY 10016
Tel: (347) 796-0712
Fax: (212) 202-5130
Email: michael.grinblatesq@gmail.com
*Attorney for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **LEONID TREYGER**, | **AFFIDAVIT OF ATTORNEY'S FEES, COSTS, AND DECLARATION** |
| Plaintiff, | |
| -against- | |
| **FIRST CLASS FURNITURE AND RUGS INC., 108 CORONA REALTY CORP.,** JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown, | **CASE NO.: 21-cv-2902-EK-RLM** |
| Defendants. | |

LEONID TREYGER ("Plaintiff"), by and through his undersigned counsel, pursuant to the Court's Order [Doc. No. 13], submits to the Court this Affidavit of Attorney's Fees, Costs, and Declaration as to FIRST CLASS FURNITURE AND RUGS INC. and 108 CORONA REALTY CORP. ("Defendants").

Plaintiff respectfully requests the Court to order Defendants to compensate him for his attorney's hours for 40.3 hours of time at the rate of $330 per hour, $13,299 in total, for the secretarial services for 9.5 hours of time at $100 per hour, $950 in total, and for costs in the amount of $930.93, for the total amount of $15,179.93. Plaintiff demands that amount from both Defendants, jointly and severally. The fees and costs are identical as to each Defendant and may

1

be attributed to each of them by dividing the total by one half. These fees and costs are itemized on the invoice [Exhibit 1].

Plaintiff respectfully requests the Court to order Defendants to compensate his attorney at the rate of $330 per hour. That amount is justified by Plaintiff attorney's education and experience.

Plaintiff's counsel has an impressive educational background. Mr. Grinblat came as a refugee from the former Soviet Union with his parents in 1989. He did not know English at all. Although he enrolled in Forest Hills High School, he was not able to graduate. His family struggled financially, and he had to abandon education to work. Since 1989, Mr. Grinblat worked as a warehouse clerk in several supermarkets and a flower store. He then obtained a Taxi and Limousine Commission license and worked as a driver in car service companies, and drove a yellow cab for years afterwards, when he was a college student. In 1992, Mr. Grinblat studied for, took an exam, and obtained a high school equivalency diploma. Then he studied in Queens College, maintained a high GPA, and was on the Dean's List. In 1997, he transferred to New York University, where he also maintained a high GPA, and was also on the Dean's List. Mr. Grinblat received a Bachelor of Arts degree from NYU in 1998 and graduated having completed requirements for the two majors, Politics and English, and American Literature. He wanted to be an attorney from the very beginning of his studies in college and applied to law schools immediately upon graduating from NYU. In 1998, he submitted applications to top 15 law schools in the United States and was accepted in seven top law schools, including Duke, Georgetown, George Washington, Cornell, and Fordham. Mr. Grinblat decided to attend Duke University School of Law, where he began studying in the summer of 1999. At the time, Duke Law was ranked number eight out of 250 law schools by the U.S. News and World Report. He

studied there on the accelerated program, in which he was able to graduate in 2 ½ years. While he was a student at Duke Law school, he applied for and was accepted into Duke University Graduate School, where he concurrently studied for a Master of Arts degree in English. In December 2001, he graduated from both graduate schools simultaneously with Juris Doctor and Master of Arts degrees in 2.5 years. Mr. Grinblat was the first student to have achieved that in the university's history.

Upon graduating from law school, Mr. Grinblat practiced personal injury, medical malpractice, bankruptcy, and civil rights law. He worked on ADA cases for about four years. Mr. Grinblat has filed over 40 ADA cases in the United States District Court for the Eastern District of New York. He negotiated settlements in over 40 cases on behalf of his clients. Each settlement negotiation began with a plaintiff's demand to the defendants to remediate ADA violations. Mr. Grinblat's clients initiated legal actions not against small struggling mom-and-pop stores, but against giant corporate conglomerates, which had financial resources to both remediate the ADA violations at their businesses and to hire top law firms and best attorneys to defend them. Each settlement agreement contained provisions, under which the defendants were required to remediate their ADA violations within six to 12 months. As a result of Mr. Grinblat's efforts, many businesses his clients sued have already remediated their ADA violations and brought their properties in compliance with the ADA. As a result, the businesses became accessible to the disabled, and many thousands of disabled individuals are now able to visit them. Unfortunately, because the settlement agreements between his clients and the defendants are confidential, Mr. Grinblat cannot present photographs, which would show what the defendants' businesses' accessibility was like prior to the lawsuits and what it became following settlements.

Plaintiff's counsel takes his law practice very seriously and takes pride in his work. His ADA complaint is drafted meticulously and most definitely is not a "boilerplate" complaint. No two of them are the same. Each complaint goes to great length to describe facts in each of the complaints. (See Grinblat v. Mega Burgers IV Corp., et al., 18-cv-6466-PKC-ST, filed on November 14, 2018; Grinblat v. Corelle Brands Holdings Inc., et al., 18-cv-6879-ARR-LB, filed on December 4, 2018; Grinblat v. Paris Baguette America, Inc., et al., 18-cv-7387-ILG-SJB, filed on December 27, 2018). In each complaint the defendants' violations of the ADA are meticulously described in great detail. Mr. Grinblat takes significant time to investigate and measure defendants' violations of the ADA. (See Grinblat v. Bogopa LIC, Inc., et al., 19-cv-4990-WFK-SMG, filed on August 31, 2019; Home Depot U.S.A., Inc., 19-cv-7293-KAM-ST, filed on December 31, 2019). Each complaint cites sections of 2010 ADA Standards of Accessible Design as they relate to violations. Measurements are meticulously taken. Slope of each parking space and access aisle is measured and described with accuracy of up to 0.01%. Measurements of store aisles are also taken with great degree of accuracy, as are measurements of slope and widths of ramps.

Although not adapted by the United States District Court for the Eastern District of New York, the Fees Matrix – 2015-2021 was prepared by the Division of the United States Attorney's Office for the District of Columbia (USAO) to evaluate requests for attorney's fees in civil cases in District of Columbia courts. "The matrix is intended for use in cases in which a fee-shifting statute permits the prevailing party to recover "reasonable" attorney's fees. *See, e.g.*, 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412(b) (Equal Access to Justice Act). The matrix has not been

adopted by the Department of Justice generally for use outside the District of Columbia, or by other Department of Justice components, or in other kinds of cases" [Exhibit 2].

Mr. Grinblat has substantial legal experience. He was admitted to practice in 2003 and practiced law for 18 years. Under the USAO index, his hourly fee would be $591. That amount is close to what his former classmates are currently earning in the field of corporate law.

Furthermore, the Court approved $300 per hour in attorney's fees for Mr. Grinblat in Semyon Grinblat v. H & 6 Associate Inc., et. al., 19-cv-2034-LDH-SMG [Doc. No. 25] (Adopting in its entirety as the opinion of the Court Magistrate Judge Gold's R&R, [Doc. No. 21]) Since then, Mr. Grinblat filed ADA cases and negotiated settlements in additional ADA cases, obtained more experience and strongly believes that the hourly rate for his attorney's fee should be no less than $330 per hour.

Mr. Grinblat is a sole practitioner and has performed paralegal and secretarial services himself. He requests $100 per hour for his secretarial services. The Court stated that the presumptive maximum rate for secretarial services is $100. Semyon Grinblat v. H & 6 Associate Inc., et. al., 19-cv-2034-LDH-SMG [Doc. No. 21 at *9]. Mr. Grinblat's legal education and experience justify that amount.

Plaintiff's attorney kept records of the costs and submits them to the Court. [Exhibit 3].

I declare under penalty of perjury that the foregoing is true and correct.

October 4, 2021

Respectfully submitted,

*Michael Grinblat*
Michael Grinblat, Esq. (4159752)

Attorney for Plaintiff
Law Offices of Michael Grinblat
10 East 39th Street, 12th Floor
New York, NY 10016
Tel: (347) 796-0712
Fax: (212) 202-5130
Email: michael.grinblatesq@gmail.com

## CERTIFICATE OF SERVICE

I certify that on October 4, 2021, I filed the foregoing Affidavit of Attorney's Fees, Costs, and Declaration with the Court via CM/ECF, which caused notice to be served upon all e-filing attorneys of record. On the same date I also served the following, via United States Postal Service, postage prepaid:

First Class Furniture and Rugs Inc.
4809 108th Street, First Floor
Corona, NY 11368

(Defendant FIRST CLASS FURNITURE AND RUGS INC. presently conducts business at the above address, which is used for service of process by the New York Department of State.)

Spiegel & Utrera, P.A., P.C.
1 Maiden Lane, 5th Floor
New York, NY 10038

(The above is the address of Defendant FIRST CLASS FURNITURE AND RUGS INC.'s registered agent, as listed in the Corporation & Business Database maintained by the New York Department of State for Defendant.)

108 Corona Realty Corp.
106-29 49th Avenue
Corona, NY 11368

(Defendant 108 CORONA REALTY CORP. presently conducts business at the above address, which is used for service of process by the New York Department of State. That address is also listed as Defendant's principal executive office in the Corporation & Business Database maintained by the New York Department of State for Defendant.)

Chen Zhi Ren
111-07 43rd Avenue
Corona, NY 11368

(The above is the address of Defendant 108 CORONA REALTY CORP.'s chief executive officer, as listed in the Corporation & Business Database maintained by the New York Department of State for Defendant. No registered agent is listed in that database.)