UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
LEONID TREYGER,

                                **Plaintiff,**                      **REPORT AND
RECOMMENDATION**

                  -against-                              **21-CV-2902 (EK) (RLM)**

FIRST CLASS FURNITURE AND RUGS INC., *et al.*,

                              **Defendants.**
----------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      On May 24, 2021, plaintiff Leonid Treyger commenced this action against defendants

First Class Furniture and Rugs Inc. ("First Class") and 108 Corona Realty Corp. ("108

Corona") (collectively, "defendants"), alleging violations of (1) the public accessibility

requirements of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182

*et seq.*; (2) the New York State Humans Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et

seq.*; (3) the New York Civil Rights Law ("NYCRL"), N.Y. Civ. Rights Law § 40; and (4)

the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-100 *et seq*.

See generally Complaint (May 24, 2021) ("Compl."), Electronic Case Filing ("ECF") Docket

Entry ("DE") #1.[1]  Plaintiff seeks injunctive and declaratory relief, compensatory and statutory

damages, and attorneys' fees and costs.  See id., *ad damnum* clause.

      Currently pending before this Court, on a referral from the Honorable Eric R.

Komitee, are plaintiff's two motions for default judgments against defendants First Class and

---

[1] Plaintiff also named "John Doe 1-X" and "Corporations 1-X" as defendants in this action, see Compl. at 1, but
has not sought default judgment, or taken any further action, against these unknown individuals and entities.
Accordingly, this Court respectfully recommends that they be terminated as defendants.

108 Corona, respectively.  See Motion for Default Judgment Against First Class Furniture and Rugs Inc. (Aug. 20, 2021), DE #11; Motion for Default Judgment Against 108 Corona Realty Corp. (Aug. 20, 2021), DE #12; Order Referring Motions (Aug. 23, 2021).  For the reasons set forth below, the Court recommends that plaintiff's motions be granted in part and denied in part.

## BACKGROUND

The following facts, drawn from plaintiff's pleading, stand uncontested:

Plaintiff is diagnosed as having multiple sclerosis, a condition that prevents him from being able to walk.  See Compl. ¶ 44.  Due to his condition, plaintiff requires the daily assistance of a motorized scooter for all activities requiring mobility.  See id. ¶¶ 45-46. Plaintiff is a resident of Queens County, New York.  See id. ¶ 7.  In May 2021, prior to initiating this litigation, plaintiff attempted to visit a nearby furniture store (the "Subject Premises"), located at 48-09 108th Street, Corona, New York 11368; the Subject Premises are operated by First Class and owned by 108 Corona.  See id. ¶¶ 9, 15-16, 48, 61.  Plaintiff alleges that the Subject Premises have only one entrance, for which there are two methods of access: a flight of stairs and a ramp.  See id. ¶¶ 51-52, 54.  Plaintiff was unable to ascend the stairs due to his disability and, therefore, attempted to gain access to the furniture store's entrance using the ramp.  See id. ¶¶ 54-57.  Plaintiff alleges that he was prevented from using the ramp because it was too steep and narrow to accommodate his motorized scooter.  See id. ¶ 58.  Plaintiff further alleges that, as a result, he was effectively denied entry to the Subject

Premises, which left him feeling "[f]rustrated, humiliated, and disappointed[.]"[2]  See id. ¶¶ 58-59, 63.

On May 24, 2021, plaintiff commenced this action and served defendants, both of whom failed to answer or otherwise respond to the Complaint.  See Summons Returned Executed for First Class Furniture and Rugs Inc. (docketed on June 8, 2021) ("Executed Summons for First Class"), DE #5; Summons Returned Executed for 108 Corona Realty Corp. (docketed on June 8, 2021) ("Executed Summons for 108 Corona"), DE #6.  Following defendants' failure to respond to the Complaint, plaintiff requested that a Certificate of Default be entered against defendants, see Request for Certificate of Default (Aug. 9, 2021), DE #7, and the Clerk of the Court thereafter noted their defaults, see Clerk's Entry of Default (Aug. 16, 2021), DE #8.

Subsequently, on August 20, 2021, plaintiff filed the instant motions for default judgment,[3] requesting that the Court issue an injunction prohibiting defendants from engaging in discrimination based on disability status and requiring defendants to make the Subject Premises accessible to individuals with disabilities, including plaintiff.  See Memorandum in Support of Motion for Default Judgment Against First Class Furniture and Rugs Inc. (Aug. 20, 2021) ("Pl. Mem. First Class"), DE #11 at pp. 9-10; Memorandum in Support of Motion for Default Judgment Against 108 Corona Realty Corp. (Aug. 20, 2021) ("Pl. Mem. 108

---

[2] In addition to the steepness and narrow width of the ramp, plaintiff also alleges that there are several other violative barriers to access, including the lack of proper railings and edge protection.  See Compl. ¶¶ 73-108.

[3] Plaintiff previously moved for default judgment, but the District Court denied the earlier motions without prejudice due to plaintiff's failure to abide by Judge Komitee's individual rules.  See Order (Aug. 19, 2021).

Corona"), DE #12 at pp. 9-10.[4]  In addition, plaintiff requests a declaratory judgment, declaring plaintiff's rights, as well as defendants' violations of the ADA, NYCRL, NYSHRL, and NYCHRL.  See Pl. Mem. First Class, DE #11 at p. 10; Pl. Mem. 108 Corona, DE #12 at p. 10.  Finally, plaintiff requests damages under the NYCRL, NYSHRL, and NYCHRL, along with attorneys' fees and costs.  See Pl. Mem. First Class, DE #11 at p. 11; Pl. Mem. 108 Corona, DE #12 at p. 11.

Following the referral of these motions, and in light of plaintiff's request for attorneys' fees and costs, this Court instructed plaintiff to supplement his submissions and file his fee application.  See Scheduling Order (Sept. 21, 2021).  Plaintiff filed a motion for attorneys' fees and costs, along with supporting documentation, on October 4, 2021.  See Motion for Attorney Fees (Oct. 4, 2021), DE #15.  The Court further directed plaintiff's counsel to submit revised proof of service of plaintiff's motions for default judgment on defendants, see Scheduling Order (Dec. 29, 2021), and plaintiff complied, see Affidavit of Service of Motion for Default Judgment for First Class Furniture and Rugs Inc. (docketed on Jan. 1, 2022) ("First Class Aff. of Service"), DE #16; Affidavit of Service of Motion for Default Judgment for 108 Corona Realty Corp. (docketed on Jan. 1, 2022) ("108 Corona Aff. of Service"), DE #17.

---

[4] In order to avoid any confusion resulting from plaintiff's having filed his memorandum of law and other documents as a part of each motion for default judgment, rather than separately docketing each such document, this opinion, in citing to DE #11 and DE #12, refers to the pages imprinted by the ECF system (e.g., DE #11 at pp. 9-10), rather than to the document's internal page numbers.

## DISCUSSION

I.    **Default Judgment Standard**

After the Clerk of the Court enters a Certificate of Default, the District Court may, on a plaintiff's application, enter a default judgment where a defendant "has failed to plead or otherwise defend" an action.  Fed. R. Civ. P. 55(a)-(b); see S.D.N.Y./E.D.N.Y. Local Civ. R. 55.2(b).  A defendant's default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages or injunctive relief.  See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981); SEC v. Mgmt. Dynamics, Inc., 515 F.2d 801, 814 (2d Cir. 1975) (in connection with a motion for default judgment, the court must make an independent determination of damages, and there is "no reason why a similar requirement should not be applicable to the granting of an injunction"); Chavez v. 25 Jay Street LLC, 20-CV-845 (AMD)(PK), 2021 WL 982865, at *2 (E.D.N.Y. Feb. 24, 2021), adopted, 2021 WL 980257 (E.D.N.Y. Mar. 16, 2021).

In addition, a pleading's legal conclusions are not assumed to be true, and, on a motion for default judgment, the factual allegations in the complaint must themselves be sufficient to establish a right to relief.  See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011); Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (the district court is "required to determine whether the [plaintiff's] allegations establish [defendant's] liability as a matter of law"); Chen v. JP Standard Constr. Corp., No. 14-CV-1086 (MKB), 2016 WL 2909966, at *4 (E.D.N.Y. Mar. 18, 2016), adopted, 2016 WL 2758272 (E.D.N.Y. May 12, 2016).

It is within a court's discretion to determine whether the plaintiff's burden has been met, and whether or not to hold an evidentiary hearing.  See Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 53-54 (2d Cir. 1993); Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991); Fed. R. Civ. P. 55(b)(2).  The moving party is entitled to all reasonable inferences from the evidence it offers.  See Romanowicz, 577 F.3d at 84; Au Bon Pain, 653 F.2d at 65.

## II.    Service of Process

Plaintiff properly served First Class and 108 Realty.  On June 4, 2021, plaintiff effected service on defendants by delivering and leaving a copy of the Complaint and Summons with the New York Secretary of State.  See N.Y. Bus. Corp. L. § 306(b)(1) (a plaintiff may properly serve a corporate defendant by serving the secretary of state as its agent "by personally delivering to and leaving with the secretary of state or a deputy, or with any person authorized by the secretary of state to receive such service, . . . duplicate copies of such process together with the statutory fee"); Fed. R. Civ. P. 4(h)(1)(B); Executed Summons for First Class; Executed Summons for 108 Corona.

## III.    Procedural Compliance with Local Civil Rule 55.2(c)

Plaintiff has also complied with Local Civil Rule 55.2(c) by mailing copies of the motions for default judgment to defendants via the United States Postal Service at the addresses utilized by the New York Secretary of State to effect service.  See S.D.N.Y./E.D.N.Y. Local Civ. R. 55.2(c) ("[A]ll papers submitted to the Court . . . shall simultaneously be mailed to the party against whom a default judgment is sought at . . . the last known business address of such party (if a person other than an individual)."); First Class Aff. of Service at 1-2; 108

Corona Aff. of Service at 1-2; USPS Mail Receipts for First Class Furniture and Rugs Inc. (docketed on Jan. 1, 2022), DE #16-1; USPS Mail Receipts for 108 Corona Realty Corp. (docketed on Jan. 1, 2022), DE #17-1.

## IV.    **Standing**

It is well established that standing is an "irreducible constitutional minimum[.]"  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  "Thus, even though defendant[s] ha[ve] not appeared in this action and ha[ve] not challenged plaintiff's standing to sue, the Court evaluates whether plaintiff has standing."  Shariff v. Beach 90th St. Realty Corp., No. 11-cv-2551 (ENV)(LB), 2013 WL 6835157, at *2 (E.D.N.Y. Dec. 20, 2013); see Ross v. Royal Pizza Cafe Corp., 17 CV 6294 (FB) (RML), 2018 WL 6313208, at *2 (E.D.N.Y. Aug. 1, 2018), adopted, 2018 WL 6313182 (E.D.N.Y. Dec. 3, 2018).  "[T]o invoke the jurisdiction of the federal courts, 'a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his [or her] standing to sue at each stage of the litigation.'"  Brown v. Mermaid Plaza Assocs. LLC, 13-cv-00760 (AMD) (CLP), 2018 WL 2722454, at *5 (E.D.N.Y. Mar. 8, 2018) (quoting Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011)).  In ADA cases, "a broad view of constitutional standing is appropriate because private enforcement suits are the primary method of obtaining compliance with the Act."  Id. at *6 (internal quotation marks omitted) (quoting Harty v. Spring Valley Marketplace LLC, 15-CV-8190 (NSR), 2017 WL 108062, at *6 (S.D.N.Y. Jan. 9, 2017)).

In ADA suits seeking injunctive relief to remedy lack of access to a public accommodation, courts have found standing where:

> (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [services] to plaintiff's home, that plaintiff intended to return to the subject location.

Bernstein v. City of New York, 621 F.App'x 56, 57 (2d Cir. 2015) (quoting Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187-88 (2d Cir. 2013) (brackets added in Bernstein)); see Harty v. Simon Prop. Grp., L.P., 428 F.App'x 69, 71 (2d Cir. 2011) (quoting Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008)).  "Courts considering ADA claims have found that disabled plaintiffs who had encountered barriers at . . . stores . . . prior to filing their complaints have standing to bring claims for injunctive relief if they show a plausible intention or desire to return to the place but for the barriers to access."  Royal Pizza Cafe Corp., 2018 WL 6313208, at *2 (quoting Disabled in Action of Metro. N.Y. v. Trump Int'l Hotel & Tower, No. 01 Civ. 5518(MBM), 2003 WL 1751785, at *7 (S.D.N.Y. Apr. 2, 2003)); see Chavez v. L2 Liu Inc., 20 CV 1388 (ENV)(LB), 2021 WL 1146561, at *3-4 (E.D.N.Y. Feb. 26, 2021), adopted as modified, 2021 WL 1146040 (E.D.N.Y. Mar. 25, 2021).

In this case, plaintiff's allegations are sufficient to establish his ADA standing to seek injunctive relief against defendants.  Plaintiff attempted to access the furniture store in question prior to the filing of this lawsuit and encountered several barriers to access, including the steepness and narrow width of the subject ramp, which was plaintiff's only means of ingress. See Compl. ¶¶ 58, 63, 73-108.  According to the Complaint, plaintiff resides in Jackson Heights, Queens, close to the Subject Premises in Corona, Queens.  See id. ¶ 61.  Plaintiff alleges that this particular furniture store is "conveniently located" and that he plans to visit the

8

store again in the future once the barriers to access have been removed.  See id. ¶ 62.  In combination, these allegations are sufficient to establish plaintiff's standing under the ADA to seek injunctive relief.  See, e.g., Simon Prop. Grp., 428 F.App'x at 71-72 (finding that the plaintiff's stated future intention to return to a mall in the area where his family lived was sufficient to establish ADA standing); Grinblat v. Apna Food & Oil Corp., 19 CV 6746 (EK)(LB), 2020 WL 7481508, at *3-4 (E.D.N.Y. Aug. 26, 2020) (finding ADA standing even where the plaintiff offered only a "boilerplate recitation" and no "specific plans to return"), adopted, 2020 WL 7481327 (E.D.N.Y. Dec. 18, 2020).

**V.    Liability Under the ADA**

Having reviewed the Complaint, this Court concludes that plaintiff has established defendants' liability under Title III of the ADA.  The applicable section of the statute provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  To state a claim under this provision, a plaintiff must allege: "(1) [that] he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." Roberts v. Royal Atl. Corp., 542 F.3d 363, 368 (2d Cir. 2008).  Plaintiff's pleading does so.

**A.    Disability**

The ADA defines a statutorily protected disability as, among other things, "a physical or mental impairment that substantially limits one or more major life activities of [the

purportedly disabled] individual[.]"  42 U.S.C. § 12102(1)(A).  According to the Complaint, "[p]laintiff has been diagnosed with multiple sclerosis by his treating neurologist and cannot walk[,]" and he uses a motorized scooter "every day for all activities requiring mobility."  Compl. ¶¶ 44-46.  Plaintiff is therefore a disabled individual as set forth under the ADA, as he is substantially limited in the "major life activit[y]" of walking.  42 U.S.C. § 12102(2)(A) ("[M]ajor life activities include, but are not limited to, . . . walking[.]"); 29 C.F.R. § 1630.2(i)(1)(i) (same).

### B.  Public Accommodation

Under the ADA, a "public accommodation" is defined to include "a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment[.]"  42 U.S.C. § 12181(7)(E).  Plaintiff alleges that the Subject Premises comprise a store that sells furniture to the public.  See Compl. ¶¶ 50, 62.  Plaintiff further alleges that the furniture store in question is operated by First Class and owned by 108 Corona, which rents the premises to First Class.  See id. ¶¶ 9-10, 16.  Therefore, the Subject Premises fall within the scope of the ADA, and defendants are subject to the ADA's prohibition against "discriminat[ion] on the basis of disability in the full and equal enjoyment of the goods, services, [and] facilities" offered to the public.  42 U.S.C. § 12182(a).

### C.  Discrimination

The ADA defines discrimination to include "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable[.]"  42 U.S.C. § 12182(b)(2)(A)(iv); see Roberts, 542 F.3d at 367.  In this context, "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  42

U.S.C. § 12181(9).  The pleading alleges, and the Court accepts as true, that defendants have failed to remove architectural barriers at the Subject Premises where such removal is "readily achievable" and "would not impose an undue hardship on [defendants.]"  Compl. ¶ 122.

In addition, a "plaintiff can establish discrimination in violation of the ADA by showing that the defendant violated the applicable accessibility standards set forth in the ADA Accessibility Guidelines ('ADAAG')."  Spring Valley Marketplace LLC, 2017 WL 108062, at *5 (internal quotation marks and citation omitted); see Apna Food & Oil Corp., 2020 WL 7481508, at *4-5; Beach 90th St. Realty Corp., 2013 WL 6835157, at *4.  Here, plaintiff alleges that he had difficulties accessing the furniture store due to multiple architectural barriers (as discussed above), in violation of the provisions of the ADAAG.  See Compl. ¶¶ 58, 63, 73-108.  Thus, the allegations in the Complaint establish defendants' liability under the ADA.

## VI.   Liability Under the NYCRL, NYSHRL, and NYCHRL

"A plaintiff who establishes entitlement to default judgment under the ADA also establishes liability under the NYCRL, NYSHRL, and NYCHRL."  25 Jay Street LLC, 2021 WL 982865, at *6; see also Apna Food & Oil Corp., 2020 WL 7481508, at *5 (citing Royal Pizza Cafe Corp., 2018 WL 6313208, at *4).  Here, plaintiff's claims under the NYCRL, NYSHRL, and NYCHRL are based upon the same allegations as those underlying his ADA claims.  See Compl. ¶¶ 132-158.  As previously noted, plaintiff has established that he is entitled to default judgment against defendants on his claims under the ADA.  Accordingly, plaintiff has likewise shown that he is entitled to default judgment on his state law and municipal claims.

11

## VII.    Injunctive and Declaratory Relief

### A.    Injunctive Relief

As discussed above, plaintiff's allegations, which are assumed to be true due to defendants' default, establish defendants' liability pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv). The ADA explicitly provides that "[i]n the case of violations of [42 U.S.C. §§ 12182(b)(2)(A)(iv) and 12183(a)], injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities[.]"  42 U.S.C. § 12188(a)(2).  Having examined plaintiff's proposed judgment orders, see Proposed Judgment Order for First Class (Aug. 20, 2021), DE #11 at pp. 20-24; Proposed Judgment Order for 108 Corona (Aug. 20, 2021), DE #12 at pp. 20-24, the nature of the alleged violations, the relief required to afford redress, and the common practice in this District for awarding injunctive relief in ADA cases, the Court recommends the issuance of an injunction that requires defendants (a) to prepare architectural plans remedying the ADAAG violations described in the Complaint, and (b) to provide plaintiff's counsel with those plans for review within 60 days of any order adopting this Report and Recommendation, see, e.g., Apna Food & Oil Corp., 2020 WL 7481508, at *6; O'Rourke v. Drunken Chicken in NY Corp., 19-CV-3942 (NGG) (SMG), 2020 WL 4013187, at *5 (E.D.N.Y. July 16, 2020); Royal Pizza Cafe Corp., 2018 WL 6313208, at *4; Taylor v. 312 Grand St. LLC, 15 Civ. 5410 (BMC), 2016 WL 1122027, at *4 (E.D.N.Y. Mar. 22, 2016); Beach 90th St. Realty Corp., 2013 WL 6835157, at *5.  The Court further recommends that the injunction afford plaintiff 30 days to file a motion seeking relief on the basis that defendants' proposed architectural plans are inadequate to remedy the ADAAG violations specified in the Complaint.  See Drunken

12

Chicken in NY, 2020 WL 4013187, at *5.  Finally, the Court recommends that the injunction

require "defendants to implement the architectural plans and remedy the violations within 60

days of either plaintiff's agreement or a ruling by the Court that the plans are adequate."  Id.

### B.  Declaratory Relief

Plaintiff also requests that the Court issue a declaratory judgment of his rights and

defendants' violations of the ADA, NYSHRL, NYCHRL, and NYCRL.  See Pl. Mem. First

Class, DE #11 at p. 10; Pl. Mem. 108 Corona, DE #12 at p. 10.  "The Declaratory Judgment

Act, 28 U.S.C. § 2201, provides that a court 'may declare the rights and other legal relations

of any interested party seeking such declaration.'"  Human Res. Research & Mgmt. Grp., Inc.

v. County of Suffolk, 687 F.Supp.2d 237, 267 (E.D.N.Y. 2010) (quoting 28 U.S.C. § 2201)

(emphasis added in Human Res. Research & Mgmt. Grp.).  Thus, "whether to grant a

declaratory judgment is in the court's discretion[.]"  Id. (citing Wilton v. Seven Falls Co., 515

U.S. 277, 287 (1995)).  In light of its recommendation that plaintiff be granted injunctive

relief, this Court recommends that plaintiff's request for declaratory relief be denied as

unnecessary and moot.  See, e.g., Human Res. Research & Mgmt. Grp., 687 F.Supp.2d at

268 (finding declaratory relief unnecessary where injunction granted); 25 Jay Street LLC, 2021

WL 982865, at *6 (same).

## VIII.  Damages

In addition to injunctive and declaratory relief, plaintiff requests that the Court award

compensatory damages under the NYSHRL and NYCHRL, and statutory damages under the

NYCRL.  See Compl. ¶¶ 160-162; Pl. Mem. First Class, DE #11 at p. 11; Pl. Mem. 108

Corona, DE #12 at p. 11.

## A.    <u>Compensatory Damages</u>

Plaintiff seeks compensatory damages in the total amount of $1,000.00 under the NYSHRL and NYCHRL.  <u>See</u> Pl. Mem. First Class, DE #11 at p. 11; Pl. Mem. 108 Corona, DE #12 at p. 11.  "'Courts in this District and the New York City Human Rights Commission have deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damages other than what a decent and reasonable individual would suffer when faced with bad behavior' of the kind alleged here."  <u>25 Jay Street LLC</u>, 2021 WL 982865, at *7 (quoting <u>Apna Food & Oil Corp.</u>, 2020 WL 7481508, at *6); <u>see</u> Compl. ¶¶ 59-60 (alleging that plaintiff was denied the "opportunity and freedom to shop independently" and, as a result, felt "[f]rustrated, humiliated, and disappointed").  Therefore, this Court recommends that the District Court award plaintiff $1,000.00 in compensatory damages against defendants, jointly and severally.[5]

## B.    <u>Statutory Damages</u>

Plaintiff also requests that the Court award $500.00 in statutory damages under the NYCRL for defendants' violations.  <u>See</u> Compl. ¶¶ 147, 161; Pl. Mem. First Class, DE #11 at p. 11; Pl. Mem. 108 Corona, DE #12 at p. 11.  Again, plaintiff has established, for purposes of default judgment, that defendants violated the NYCRL.  Under section 40-d, defendants are therefore subject to penalties of "not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby[.]"  N.Y. Civ. Rights Law § 40-d.

---

[5] "In many similar ADA default cases where plaintiff's allegations are generic to defendants . . . as landlord and tenant, [c]ourts award damages jointly and severally against defendants."  <u>Apna Food & Oil Corp.</u>, 2020 WL 7481508, at *5 n.6; <u>see</u> <u>Kreisler v. Second Ave. Diner Corp.</u>, No. 10 Civ. 7592(RJS), 2012 WL 3961304, at *2, *15-16 (S.D.N.Y. Sept. 11, 2012) (awarding damages jointly and severally against co-defendants that were landlord and tenant), <u>aff'd</u>, 731 F.3d 184 (2d Cir. 2013).

The statute requires that "[a]t or before the commencement of any action under this section, notice thereof shall be served upon the attorney general." Id. Plaintiff timely provided notice of this lawsuit to the attorney general. See Compl. ¶ 148; Notice to the NYS Civil Rights Bureau for First Class (docketed on Aug. 20, 2021), DE #11-1; USPS Label Proof of Mailing for First Class (docketed on Aug. 20, 2021), DE #11-2; Notice to the NYS Civil Rights Bureau for 108 Corona (docketed on Aug. 20, 2021), DE #12-1; USPS Label Proof of Mailing for 108 Corona (docketed on Aug. 20, 2021), DE #12-2. Accordingly, the Court recommends that the District Court award plaintiff $500.00 in statutory damages against defendants jointly and severally for violating the NYCRL.

## IX.    Attorneys' Fees and Costs

A prevailing plaintiff in an ADA case is entitled to recover reasonable attorneys' fees and costs. See 42 U.S.C. § 12205. Plaintiff seeks a total amount of $15,179.93 in attorneys' fees and costs: $13,299.00 for legal work and $950.00 for paralegal/secretarial work performed by plaintiff's counsel, Michael Grinblat, Esq., as well as $930.93 in costs incurred during the course of the litigation. See Motion for Attorney Fees at 1. For the reasons explained below, this Court recommends awarding plaintiff the reduced amount of $7,681.50 in attorneys' fees and $568.68 in costs.

### A.    Attorneys' Fees

Plaintiff bears the burden of proving the reasonableness of the attorneys' fees sought. See Savoie v. Merchs. Bank, 166 F.3d 456, 463 (2d Cir. 1999). In considering an application for attorneys' fees, the Court must first determine the presumptively reasonable fee. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 183-84

(2d Cir. 2008). This presumptively reasonable fee (i.e., the lodestar) is essentially "'what a reasonable, paying client would be willing to pay,' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (citation omitted). The method for determining reasonable attorneys' fees in this Circuit is based on several factors, such as the labor and skill required, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation, and ability of the attorney, and awards in similar cases. See Arbor Hill, 522 F.3d at 186 n.3, 190. Once the Court determines the reasonable hourly rate, it must multiply that rate by the number of hours reasonably expended in order to determine the presumptively reasonable fee or lodestar. See id. at 190.

### i. Reasonable Rate

Plaintiff seeks to recover for attorneys' fees incurred in this matter at the hourly rate of $330.00 for legal work and $100.00 for paralegal/secretarial tasks. See Motion for Attorney Fees at 1; Legal Services Invoice (Oct. 4, 2021) ("Invoice"), DE #15-1. In a fee application, the "burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).

"In recent years, fees have been awarded in the Eastern District of New York [in ADA cases] at an hourly rate of $300 to $450 for partners, $100 to $325 for associates, and $70 to $100 for paralegals[.]" Feltzin v. Union Mall LLC, 393 F.Supp.3d 204, 212 (E.D.N.Y. 2019) (internal quotation marks and citation omitted); see Shariff v. Alsaydi, No. 11–CV–6377

16

(FB)(SMG), 2013 WL 4432218, at *5 (E.D.N.Y. Aug. 15, 2013) (awarding an hourly rate of $325.00 to a solo practitioner with more than 10 years of experience primarily handling disability discrimination and civil rights cases); Grinblat v. H & 6 Assoc. Inc., 19-CV-2034 (LDH) (SMG), 2020 WL 7000347, at *3 (E.D.N.Y. July 10, 2020) (recommending an hourly rate of $300.00 to Mr. Grinblat as a solo practitioner with more than 16 years of experience), adopted, 2020 WL 6110826 (E.D.N.Y. Oct. 15, 2020) ("H & 6 Assoc. Inc. II"). "The highest rates in this district are reserved for expert trial attorneys with extensive experience before the federal bar, who specialize in the practice of civil rights law and are recognized by their peers as leaders and experts in their fields." Hugee v. Kimso Apartments, LLC, 852 F.Supp.2d 281, 300 (E.D.N.Y. 2012).

Here, plaintiff requests an hourly rate of $330.00 for legal services performed by Mr. Grinblat. See Motion for Attorney Fees at 1. According to plaintiff's submissions, Mr. Grinblat graduated from a highly ranked law school, was admitted to the bar in 2003, and has practiced law for 18 years. See id. at 3, 5. Nevertheless, Mr. Grinblat has only four years of experience litigating ADA cases such as the one currently before the Court. See id. at 3. "Moreover, the nature of Mr. Grinblat's work in this case was 'relatively straightforward, particularly since [defendants] defaulted and no novel or complex issues are raised in the complaint.'" H & 6 Assoc. Inc., 2020 WL 7000347, at *3 (quoting Santiago v. Coco Nail HB, Inc., No. CV 10–3373(ILG)(MDG), 2012 WL 1117961, at *4 (E.D.N.Y. Mar. 16, 2012), adopted, 2012 WL 1118853 (E.D.N.Y. Apr. 3, 2012)); see Thompson v. Rising Star Beauty Salon Inc., No. 15-CV-3716 (RRM)(RER), 2016 WL 9583995, at *5 (E.D.N.Y. Dec. 23, 2016).

17

Finally, in a similar ADA case, also at the default judgment stage, the District Court adopted the recommendation that an hourly rate of $300.00 be awarded for Mr. Grinblat's legal work. See H & 6 Assoc. Inc. II, 2020 WL 6110826, at *2. Plaintiff asserts that the requested increased hourly rate of $330.00 is nevertheless warranted here, relying on the fact that Mr. Grinblat has gained additional experience since the court in H & 6 Assoc. Inc. II awarded a rate of $300.00. See Motion for Attorney Fees at 5. But between one and two years of additional experience does not warrant such an increase in Mr. Grinblat's hourly rate, especially in light of the straightforward nature and posture of this case.[6] Thus, this Court recommends an award based on an hourly rate of $300.00 for legal services performed by Mr. Grinblat.

With respect to the secretarial work—which was also performed by plaintiff's counsel—plaintiff has offered no compelling justification for awarding an hourly rate of $100.00, the upper end of the compensation range for such work. See id. (stating only that $100.00 is the presumptive maximum rate and that Mr. Grinblat's "legal education and experience justify th[is] amount"). The Court therefore recommends reducing the hourly rate for the paralegal/secretarial tasks performed to $75.00, which has been deemed to be a reasonable rate in similar ADA cases in this District, including at least one other recent case involving plaintiff's counsel. See H & 6 Assoc. Inc. II, 2020 WL 6110826, at *2 (adopting magistrate judge's recommended hourly rate of $75.00 for Mr. Grinblat's paralegal/secretarial work); see

---

[6] Nor does this Court afford any weight to the chart submitted by counsel, see DC USAO Attorney's Fees Matrix (Oct. 4, 2021), DE #15-2, reflecting hourly rates in the District of Columbia, see H & 6 Assoc. Inc., 2020 WL 7000347, at *3 (rejecting Mr. Grinblat's reliance on same matrix of "prevailing rates for fee-shifting cases filed in the District of Columbia"); see also Simmons, 575 F.3d at 174-77 (under the "forum rule," courts ordinarily must apply the prevailing rates in the district where the case is litigated).

also Thompson, 2016 WL 9583995, at *6 (recommending hourly rate of $75.00 for clerical/paralegal services); Santiago, 2012 WL 1117961, at *5 (same).

### ii.  Reasonable Number of Hours

"The next step [in the lodestar analysis] is to determine the reasonableness of the hours expended by counsel." Feltzin, 393 F.Supp.3d at 211 (citation omitted).  "The number of hours spent on a lawsuit are considered unreasonable if they are excessive, redundant, or unnecessary." Id.  "An award may be reduced by an appropriate across-the-board percentage 'as a practical means of trimming fat from a fee application.'" H & 6 Assoc. Inc., 2020 WL 7000347, at *3 (quoting Garcia v. City of New York, No. CV11–2284, 2013 WL 5574507, at *6 (E.D.N.Y. Oct. 9, 2013)).  To be sure, "it is less important that judges attain exactitude, than that they use their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent." John v. Demaio, 15 CV 6094 (NGG) (CLP), 2016 WL 7469862, at *9 (E.D.N.Y. Sept. 29, 2016) (internal quotation marks and citations omitted), adopted, 2016 WL 7410656 (E.D.N.Y. Dec. 22, 2016).

Plaintiff's counsel purports to have spent 49.8 hours on this case—40.3 hours on legal work and 9.5 hours on secretarial work.  See Motion for Attorney Fees at 1; Invoice at 15. This number far "exceeds the number of hours that have been found to be reasonable in other relatively straightforward ADA cases in this district." H & 6 Assoc. Inc., 2020 WL 7000347, at *4; Beach 90th St. Realty Corp., 2013 WL 6835157, at *7 (applying an across-the-board 15% reduction to 20.20 hours); Alsaydi, 2013 WL 4432218, at *5 (holding that 23.7 hours billed was reasonable); Santiago, 2012 WL 1117961, at *4-5 (holding that 37.8 hours billed was excessive).  Moreover, upon closer scrutiny, it is apparent that many of the entries

included in plaintiff's counsel's invoice are excessive or duplicative.  For example, plaintiff's counsel purports to have spent 8 hours drafting and revising the instant motions for default judgment, despite the fact that each memorandum consists of fewer than seven pages and the two motions are almost identical to each other, but for minor alterations.  See Invoice at 5, 8. Mr. Grinblat's billing records reflect other excessive or redundant time entries, for instance, billing plaintiff separately for filing documents and also for reviewing the ECF notifications or "bounces" for those same documents.  See, e.g., id. at 5.  In light of these observations, and considering the typical number of hours expended in similar non-complex ADA cases, the Court recommends applying an across-the-board reduction in hours of 40 percent.  See, e.g., Francois v. Mazer, 523 F.App'x 28, 29 (2d Cir. 2013) (upholding 40% across-the-board reduction in hours).  Accordingly, the Court recommends awarding plaintiff attorneys' fees for 24.18 hours of attorney work and 5.7 hours of secretarial work, for a total of 29.88 hours.

In sum, using the adjusted rates and hours, plaintiff should be awarded a total of $7,681.50 in attorneys' fees ($7,254.00 in legal services + $427.50 in secretarial services).

## B.    Costs

Plaintiff seeks $930.93 in costs.  See Motion for Attorney Fees at 1.  According to plaintiff's counsel's billing records, this amount is comprised of the $402.00 filing fee, $120.00 in process server fees, $362.25 in printing costs, and $46.68 in postage costs.  See generally Invoice.

"A [plaintiff] awarded attorney's fees is also entitled to compensation for 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'"  H & 6 Assoc. Inc., 2020 WL 7000347, at *5 (quoting LeBlanc-Sternberg v.

Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) (internal quotation marks and citations omitted)). Such expenses ordinarily include "[c]osts relating to filing fees, process servers, postage, and photocopying[.]" Teamsters Local 814 Welfare Fund v. Dahill Moving & Storage Co., Inc., 545 F.Supp.2d 260, 269 (E.D.N.Y. 2008). "The fee applicant bears the burden of adequately documenting and itemizing the costs requested[,]" Monge v. Glen Cove Mansion Hosp., LLC, Case No. 18-cv-7229 (SJF)(SIL), 2020 WL 1666460, at *9 (E.D.N.Y. Apr. 2, 2020) (citation omitted), except for the filing fee, which may be recovered without supporting documentation if verified by the court's docket, see Feltzin, 393 F.Supp.3d at 219.

Here, plaintiff provides supporting documentation of the process server fees, postage costs, and filing fee, in the form of receipts of payment, as well as mailing labels confirming the USPS postage costs. See Receipts of Costs (docketed on Oct. 4, 2021), DE #15-3. However, apart from plaintiff's counsel's own invoice, plaintiff has failed to provide any supporting documentation of $362.25 in printing costs, in an action in which defendants never appeared. "[T]he Court cannot simply take the [listing] that plaintiff['s] counsel created at face value without any additional evidence of the costs alleged therein." John, 2016 WL 7469862, at *12; see also Feltzin, 393 F.Supp.3d at 219. As such, the Court recommends eliminating the printing charges and awarding plaintiff a reduced total of $568.68 in costs.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the District Court grant in part plaintiff's motions for default judgment against defendants First Class and 108 Corona, as follows: (1) defendants be found liable under the ADA, NYCRL, NYSHRL, and NYCHRL; (2) an injunction issue requiring defendants to prepare architectural plans

remedying the violations of the ADAAG described in the Complaint, and to provide plaintiff's counsel with those plans within 60 days of any order adopting this Report and Recommendation; (3) plaintiff be awarded a total amount of $1,500.00 in damages under the NYSHRL, NYCHRL, and NYCRL against defendants, jointly and severally; and (4) plaintiff be awarded attorneys' fees and costs in the total amount of $8,250.18 against defendants, jointly and severally.  This Court further recommends that all other relief sought by plaintiff be denied, including his request for a declaratory judgment, and that the claims against the unidentified defendants be dismissed.

Any objections to this Report and Recommendation must be filed with the Honorable Eric R. Komitee on or before January 25, 2022.  Failure to file objections in a timely manner may waive a right to appeal the District Court's order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

The Clerk is respectfully requested to docket this Report and Recommendation into the ECF court file and to mail copies to defendants at the following addresses:

> First Class Furniture and Rugs Inc.
> 4809 108th Street, First Floor
> Corona, NY 11368
>
> First Class Furniture and Rugs Inc.
> c/o Spiegel & Utrera, P.A., P.C.
> 1 Maiden Lane, 5th Floor
> New York, NY 10038
>
> 108 Corona Realty Corp.
> 106-29 49th Avenue
> Corona, NY 11368

108 Corona Realty Corp.
c/o Chen Zhi Ren
111-07 43rd Avenue
Corona, NY 11368

**SO ORDERED.**

**Dated:    Brooklyn, New York**
**January 10, 2022**

/s/ **_Roanne L. Mann_**
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

23