**Michael Grinblat** (4159752)
Law Offices of Michael Grinblat
10 East 39th Street, 12th Floor
New York, NY 10016
Tel: (347) 796-0712
Fax: (212) 202-5130
Email: michael.grinblatesq@gmail.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEONID TREYGER, | PLAINTIFF'S MEMORANDUM IN SUPPORT OF ORDER TO SHOW CAUSE |
| Plaintiff, | |
| -against- | |
| FIRST CLASS FURNITURE AND RUGS INC., 108 CORONA REALTY CORP., JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown, | CASE NO.: 21-cv-2902-EK-RLM |
| Defendants. | |

LEONID TREYGER ("Plaintiff") respectfully requests an entry of an Order to Show Cause, in which the Court would order FIRST CLASS FURNITURE AND RUGS INC. and 108 CORONA REALTY CORP. ("Defendants") to show cause as to why the Court should not hold Defendants in contempt for violating the Injunction issued by the Court.

On February 23, 2022, the Court issued Memorandum & Order (ECF Doc. No. 22), which included an Injunction ordering Defendants to "prepare architectural plans remedying the ADAAG violations described in the Complaint and provide Plaintiff's counsel with those plans within sixty days of this order." To comply with the Court's order, Defendants should have provided architectural plans to Plaintiff's counsel by April 25, 2022. Defendants have neither provided

1

architectural plans to Plaintiff's counsel, nor contacted him with a request for an extension of time. Furthermore, neither Defendants, nor anyone representing them, ever contacted Plaintiff's counsel, nor filed any documents with the Court. Defendants have always ignored this lawsuit, have not remediated any of the ADA violations described in Plaintiff's Complaint and continue to discriminate against Plaintiff, as well as all other disabled individuals, by denying them access to the store by means of the architectural barriers.

A defendant may be held in civil contempt for violating a court order where, as here, "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Perez v. Danbury Hosp., 347 F.3d 419, 424-25 (2d Cir. 2003)* (internal quotation marks omitted). *See also CBS Broad. Inc. v. FilmOn.com, Inc., 814 F.3d 91 (US Court of Appeals for the Second Circuit 2016)* (applying identical legal standard, as the one above, holding the defendants in contempt and enforcing the injunction). *See also Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp., 642 F. Supp. 2d 276, 303-304 (S.D.N.Y. 2009)* (holding defendant in contempt and awarding fees, costs, and damages for breach of injunction agreed to in settlement).

When conduct of a defendant is found to be willful, the Court should award to a plaintiff legal fees and costs. "… while willfulness may not necessarily be a prerequisite to an award of fees and costs, a finding of willfulness strongly supports granting them. Indeed, to survive review in this court, a district court, having found willful contempt, would need to articulate persuasive grounds for any denial of compensation for the reasonable legal costs of the victim of contempt." *Weitzman v. Stein, 98 F.3d 717, 5 (US Court of Appeals for the Second Circuit 1996)*.

These elements are met. The Injunction clearly and unambiguously orders Defendants to provide Plaintiff's counsel with architectural plans within 60 days of the Order (ECF Doc. No. 22). Defendants have not provided Plaintiff's counsel with these plans. The proof of non-compliance is clear and convincing, as Defendants failed to provide architectural plans to Plaintiff's counsel. Defendants have not diligently attempted to comply with the Court's Order in a reasonable manner, as is also evidenced by the fact that they failed to provide Plaintiff's counsel with architectural plans.

Defendants' failure to provide Plaintiff's counsel with architectural plans was willful. Defendants were made aware of the Complaint (ECF Doc. No. 1), of the motions for default judgment (ECF Doc. No. 11 and 12), of the Report & Recommendation (ECF Doc. No. 18), of the Memorandum and Order (ECF Doc. No. 22), of the Injunction, of the Judgment (ECF Doc. No. 23), as well as of all the orders issued by the Court. Plaintiff's counsel mailed copies of the aforementioned documents to Defendants.

The Court should also award Plaintiff attorney's fees and costs, because he is entitled to them pursuant to the ADA, 28 CFR §36.505, New York Executive Law §297(10), and NYC Admin. Code §8-502(g).

It is an established precedent that "contemporaneous time records are a prerequisite for attorney's fees in this Circuit." *New York State Association for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983). The Second Circuit "require[s] that 'any attorney . . . who applies for court-ordered compensation in this Circuit … must document the application with contemporaneous time records … specify[ing], for each attorney, the date, the hours expended, and the nature of the work done.' Failure to do so results in denial of the motion for fees." *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992), *certified question withdrawn*,

984 F.2d 69 (2d Cir. 1993) (quoting *Carey*, at 1148). To comply, Plaintiff respectfully submits his time records and costs contemporaneously with this submission, as Second Affidavit of Attorney's Fees, Costs, and Declaration [ECF Doc. No. 26].

Defendants have no defense to their current clear, deliberate, and willful violation of the Injunction. Over 60 days have passed since the Court issued the Injunction ordering Defendants to provide architectural plans to Plaintiff's counsel and Defendants still have not provided them to him. The Court should compel Defendants to comply with its orders and Injunction. Otherwise, Defendants will be rewarded for flagrantly disregarding the Court's orders and Injunction and Plaintiff, as well as all other disabled individuals, will continue to suffer discrimination by Defendants.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff hereby respectfully requests that this Court grants the following relief:

1. Enters an Order to Show Cause, in which Defendants would be required to show cause as to why they should not be held in contempt for violating the Injunction by not providing Plaintiff's counsel with architectural plans within sixty days of the Court's Order (ECF Doc. No. 22), i.e. by April 25, 2022;

2. If the Court finds Defendants to be in contempt, impose coercive penalties on them, jointly and severally, to enforce the Injunction, including at a minimum a $500 penalty for each day the contempt continues;

3. Award damages to Plaintiff in an amount reflecting the severity of Defendants' misconduct;

4. Award attorney's fees and costs to Plaintiff for enforcing the Court's Injunction; and

5. Award such other and further relief as it deems necessary, just, and proper.

Executed on May 3, 2022

*Michael Grinblat*
Michael Grinblat, Esq. (4159752)

Attorney for Plaintiff
Law Offices of Michael Grinblat
10 East 39th Street, 12th Floor
New York, NY 10016
Tel: (347) 796-0712
Fax: (212) 202-5130
Email: michael.grinblatesq@gmail.com

# CERTIFICATE OF SERVICE

I certify that on May 3, 2022, I filed the foregoing Plaintiff's Memorandum in Support of Order to Show Cause with the Court via CM/ECF, which caused notice to be served upon all e-filing attorneys of record. On the same date I also served the following, via United States Postal Service, postage prepaid:

FIRST CLASS FURNITURE AND RUGS INC.

First Class Furniture and Rugs Inc.
4809 108th Street, First Floor
Corona, NY 11368

(Defendant FIRST CLASS FURNITURE AND RUGS INC. presently conducts business at the above address, which is used for service of process by the New York Department of State.)

FIRST CLASS FURNITURE AND RUGS INC.

Spiegel & Utrera, P.A., P.C.
1 Maiden Lane, 5th Floor
New York, NY 10038

(The above is the address of Defendant FIRST CLASS FURNITURE AND RUGS INC.'s registered agent, as listed in the Corporation & Business Database maintained by the New York Department of State for Defendant.)

108 CORONA REALTY CORP.

108 Corona Realty Corp.
106-29 49th Avenue
Corona, NY 11368

(Defendant 108 CORONA REALTY CORP. presently conducts business at the above address, which is used for service of process by the New York Department of State. That address is also listed as Defendant's principal executive office in the Corporation & Business Database maintained by the New York Department of State for Defendant.)

108 CORONA REALTY CORP.

Chen Zhi Ren
111-07 43rd Avenue
Corona, NY 11368

(The above is the address of Defendant 108 CORONA REALTY CORP.'s chief executive officer, as listed in the Corporation & Business Database maintained by the New York Department of State for Defendant. No registered agent is listed in that database.)


Signed on May 3, 2022


*Michael Grinblat*
Michael Grinblat, Esq. (4159752)

Attorney for Plaintiff
Law Offices of Michael Grinblat
10 East 39th Street, 12th Floor
New York, NY 10016
Tel: (347) 796-0712
Fax: (212) 202-5130
Email: michael.grinblatesq@gmail.com