**Michael Grinblat** (4159752)
Law Offices of Michael Grinblat
10 East 39th Street, 12th Floor
New York, NY 10016
Tel: (347) 796-0712
Fax: (212) 202-5130
Email: michael.grinblatesq@gmail.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LEONID TREYGER**, <br><br> Plaintiff, <br><br> -against- <br><br> **FIRST CLASS FURNITURE AND RUGS INC., 108 CORONA REALTY CORP.**, JOHN DOE 1-X, persons yet unknown, Limited Liability Companies, Partnerships, Corporations 1-X, entities yet unknown, <br><br> Defendants. | **PLAINTIFF'S MOTION FOR SANCTIONS FOR CONTEMPT** <br><br><br> **CASE NO.: 21-cv-2902-EK-RLM** |

LEONID TREYGER ("Plaintiff") respectfully requests the Court to hold FIRST CLASS FURNITURE AND RUGS INC. and 108 CORONA REALTY CORP. ("Defendants") in contempt.

On February 23, 2022, the Court issued Memorandum & Order (ECF Doc. No. 22), which included an Injunction ordering Defendants to "prepare architectural plans remedying the ADAAG violations described in the Complaint and provide Plaintiff's counsel with those plans within sixty days of this order." To comply with the Court's order, Defendants should have provided architectural plans to Plaintiff's counsel by April 22, 2022. Defendants have neither provided architectural plans to Plaintiff's counsel, nor contacted him with a request for an extension of time.

1

Furthermore, neither Defendants, nor anyone representing them, ever contacted Plaintiff's counsel, nor filed any documents with the Court. Defendants have always ignored this lawsuit, have not remediated any of the ADA violations described in Plaintiff's Complaint and continue to discriminate against Plaintiff, as well as all other disabled individuals, by denying them access to the store by means of the architectural barriers.

On May 4, 2022, the Court issued an Order, granting Plaintiff's Motion for Order to Show Cause (ECF Doc. No. 25), and directed Defendants to show cause, in writing, no later than May 16, 2022, "why the Court should not hold Defendants in contempt for violating the injunction issued by the Court." On May 12, 2022, the Court extended the deadline, by which Defendants must respond to Plaintiff's Motion for Order to Show Cause, to June 6, 2022. Defendants ignored the Court's Order and did not submit any documents to the Court.

A defendant may be held in civil contempt for violating a court order where, as here, "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Perez v. Danbury Hosp., 347 F.3d 419, 424-25 (2d Cir. 2003)* (internal quotation marks omitted). *See also CBS Broad. Inc. v. FilmOn.com, Inc., 814 F.3d 91 (US Court of Appeals for the Second Circuit 2016)* (applying identical legal standard, as the one above, holding the defendants in contempt and enforcing the injunction). *See also Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp., 642 F. Supp. 2d 276, 303-304 (S.D.N.Y. 2009)* (holding defendant in contempt and awarding fees, costs, and damages for breach of injunction agreed to in settlement).

When conduct of a defendant is found to be willful, the Court should award to a plaintiff legal fees and costs. "… while willfulness may not necessarily be a prerequisite to an award of

fees and costs, a finding of willfulness strongly supports granting them. Indeed, to survive review in this court, a district court, having found willful contempt, would need to articulate persuasive grounds for any denial of compensation for the reasonable legal costs of the victim of contempt." *Weitzman v. Stein, 98 F.3d 717, 5 (US Court of Appeals for the Second Circuit 1996)*.

These elements are met. The Injunction clearly and unambiguously orders Defendants to provide Plaintiff's counsel with architectural plans within 60 days of the Order (ECF Doc. No. 22). Defendants have not provided Plaintiff's counsel with these plans. The proof of non-compliance is clear and convincing, as Defendants failed to provide architectural plans to Plaintiff's counsel. Defendants have not diligently attempted to comply with the Court's Order in a reasonable manner, as is also evidenced by the fact that they failed to provide Plaintiff's counsel with architectural plans.

Defendants' failure to provide Plaintiff's counsel with architectural plans was willful. Defendants were made aware of the Complaint (ECF Doc. No. 1), of the motions for default judgment (ECF Doc. No. 11 and 12), of the Report & Recommendation (ECF Doc. No. 18), of the Memorandum and Order (ECF Doc. No. 22), of the Injunction, and of the Judgment (ECF Doc. No. 23). Furthermore, on May 19, 2022, Plaintiff served on Defendants, through the New York Secretary of State the following documents: Plaintiff's Memorandum in Support of Order to Show Cause [ECF Doc. No. 25]; Second Affidavit of Attorney's Fees, Costs, and Declaration with exhibits [ECF Doc. No. 26, 26-1, and 26-2]; Order Granting [25] Motion for Order to Show Cause, ordered by Judge Eric R. Komitee on May 4, 2022; Order re [25] Motion for Order to Show Cause, ordered by Magistrate Judge Roanne L. Mann on May 6, 2022; Local Civil Rule 83.6; Letter-Motion [ECF Doc. No. 28] and Order re [28] Motion for Extension of Time to File [ECF Doc. No. 29 and No. 30].

The Court should also award Plaintiff attorney's fees and costs, because he is entitled to them pursuant to the ADA, 28 CFR §36.505, New York Executive Law §297(10), and NYC Admin. Code §8-502(g).

It is an established precedent that "contemporaneous time records are a prerequisite for attorney's fees in this Circuit." *New York State Association for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983). The Second Circuit "require[s] that 'any attorney . . . who applies for court-ordered compensation in this Circuit … must document the application with contemporaneous time records … specify[ing], for each attorney, the date, the hours expended, and the nature of the work done.' Failure to do so results in denial of the motion for fees." *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992), *certified question withdrawn*, 984 F.2d 69 (2d Cir. 1993) (quoting *Carey*, at 1148). To comply, Plaintiff respectfully submits his time records and costs contemporaneously with this submission, as Third Affidavit of Attorney's Fees, Costs, and Declaration [ECF Doc. No. 33].

Defendants have no defense to their current clear, deliberate, and willful violation of the Injunction and the Court's Order on Plaintiff's Motion to Show Cause. Over 60 days have passed since the Court issued the Injunction ordering Defendants to provide architectural plans to Plaintiff's counsel and Defendants still have not provided them to him. Over ten days have passed since the deadline by which the Court ordered Defendants to respond to Plaintiff's Motion to Show Cause.

The district court has the power to punish violation of its orders and fine Defendants. (*United States v. United Mine Workers*, 330 US 258 [1947]). To determine whether to impose a civil contempt sanction, the trial court should "explicitly consider (1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any

suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him" (*Dole Fresh Fruit Co. v. United Banana Co.*, 821 F2d 106, 110 [2d Cir 1987]).

As a result of Defendants' continued contumacy, Plaintiff and all other disabled individuals cannot enter their store. A civil fine in the amount of $100 per day against Defendants would be an effective tool to enforce their compliance with the ADA and the Court's orders. Defendants are corporate entities, have significant financial means and are unlikely to be seriously burdened by the fine.

Plaintiff respectfully requests that the Court orders that the proposed contempt sanction would be paid by Defendants, jointly and severally, to him and not to the Court, so that it would have a coercive effect on Defendants and provide an additional incentive to Plaintiff to enforce the Court's injunction.

The Court should compel Defendants to comply with its orders and injunction. Otherwise, Defendants will be rewarded for flagrantly disregarding the Court's orders and injunction and Plaintiff, as well as all other disabled individuals, will continue to suffer discrimination by Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff hereby respectfully requests that the Court grants the following relief:

1. Orders Defendants to be in civil contempt and impose coercive penalties on them, jointly and severally, to enforce the Injunction, including at a minimum a $100 penalty for each day the contempt continues;

2. Orders that the imposed fine would be paid to Plaintiff;

3. Awards attorney's fees and costs to Plaintiff for enforcing the Court's Injunction; and

4. Awards such other and further relief as it deems necessary, just, and proper.

Executed on June 17, 2022

*Michael Grinblat*
Michael Grinblat, Esq. (4159752)

Attorney for Plaintiff
Law Offices of Michael Grinblat
10 East 39th Street, 12th Floor
New York, NY 10016
Tel: (347) 796-0712
Fax: (212) 202-5130
Email: michael.grinblatesq@gmail.com

# CERTIFICATE OF SERVICE

I certify that on June 17, 2022, I filed the foregoing Plaintiff's Motion for Sanctions for Contempt with the Court via CM/ECF, which caused notice to be served upon all e-filing attorneys of record. On the same date I also served the following, via United States Postal Service, postage prepaid:

FIRST CLASS FURNITURE AND RUGS INC.

First Class Furniture and Rugs Inc.
4809 108th Street, First Floor
Corona, NY 11368

(Defendant FIRST CLASS FURNITURE AND RUGS INC. presently conducts business at the above address, which is used for service of process by the New York Department of State.)

FIRST CLASS FURNITURE AND RUGS INC.

Spiegel & Utrera, P.A., P.C.
1 Maiden Lane, 5th Floor
New York, NY 10038

(The above is the address of Defendant FIRST CLASS FURNITURE AND RUGS INC.'s registered agent, as listed in the Corporation & Business Database maintained by the New York Department of State for Defendant.)

108 CORONA REALTY CORP.

108 Corona Realty Corp.
106-29 49th Avenue
Corona, NY 11368

(Defendant 108 CORONA REALTY CORP. presently conducts business at the above address, which is used for service of process by the New York Department of State. That address is also listed as Defendant's principal executive office in the Corporation & Business Database maintained by the New York Department of State for Defendant.)

108 CORONA REALTY CORP.

Chen Zhi Ren
111-07 43rd Avenue
Corona, NY 11368

(The above is the address of Defendant 108 CORONA REALTY CORP.'s chief executive officer, as listed in the Corporation & Business Database maintained by the New York Department of State for Defendant. No registered agent is listed in that database.)

Signed on June 17, 2022

*Michael Grinblat*
Michael Grinblat, Esq. (4159752)

Attorney for Plaintiff
Law Offices of Michael Grinblat
10 East 39th Street, 12th Floor
New York, NY 10016
Tel: (347) 796-0712
Fax: (212) 202-5130
Email: michael.grinblatesq@gmail.com