```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LEONID TREYGER,
                                    Plaintiff,           REPORT AND
                                                         RECOMMENDATION
            -against-
                                                         21-CV-2902 (EK)
FIRST CLASS FURNITURE AND RUGS INC.,
et al.,

                                    Defendants.
----------------------------------------------------------------x
```

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

On February 25, 2022, the Honorable Eric Komitee entered a default judgment against defendants First Class Furniture and Rugs Inc. ("First Class") and 108 Corona Realty Corp. ("108 Corona") (collectively, "defendants") for violations of the public accessibility requirements of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182 *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*; the New York Civil Rights Law ("NYCRL"), N.Y. Civ. Rights Law § 40; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-100 *et seq.* See Clerk's Judgment (Feb. 25, 2022) ("Judgment"), Electronic Case Filing ("ECF") Docket Entry ("DE") #23. Judge Komitee found defendants jointly and severally liable to plaintiff for $1,500.00 in damages under the NYSHRL, NYCHRL, and NYCRL; and jointly and severally liable for a total of $8,250.18 in attorney's fees and costs. See id. The District Court also issued an injunction (the "Injunction") requiring defendants to prepare architectural plans remedying the ADA Accessibility Guidelines ("ADAAG") violations described in the Complaint and to provide plaintiff's counsel with those plans within sixty days of the District Court's order. See id.

Currently before the Court, on a referral from Judge Komitee, is plaintiff's motion for

contempt against defendants for failing to comply with the District Court's Injunction. See Motion for Order to Show Cause (May 3, 2023) ("Mot. for Contempt"), DE #25; see also Order granting Motion for Order to Show Cause (May 4, 2022). For the reasons discussed below, the Court certifies that defendants First Class and 108 Corona violated a judicial order by failing to comply with the District Court's Injunction; the Court therefore recommends that defendants First Class and 108 Corona be directed to appear before the District Court and show cause why they should not be held in civil contempt. The Court further recommends that plaintiff be awarded $2,467.50 in attorney's fees and $187.08 in costs, as a compensatory sanction.

## BACKGROUND

On May 24, 2021, plaintiff commenced this action seeking an injunction prohibiting defendants from engaging in discrimination based on disability status and requiring defendants to make accessible to individuals with disabilities, including plaintiff, a furniture store, located at 48-09 108th Street, Corona, New York 11368 (the "Subject Premises"). See Complaint (May 24, 2021) ("Compl."), DE #1. Plaintiff served defendants, both of whom failed to answer or otherwise respond to the Complaint. See Summons Returned Executed for First Class Furniture and Rugs Inc. (June 8, 2021) ("Executed Summons for First Class"), DE #5; Summons Returned Executed for 108 Corona Realty Corp. (June 8, 2021) ("Executed Summons for 108 Corona"), DE #6. Following defendants' failure to respond to the Complaint, plaintiff requested that a Certificate of Default be entered against defendants, see Request for Certificate of Default (Aug. 9, 2021), DE #7, and the Clerk of the Court thereafter noted their defaults, see Clerk's Entry of Default (Aug. 16, 2021), DE #8.

On August 20, 2021, plaintiff moved for default judgment. See Motion for Default Judgment Against First Class Furniture and Rugs Inc. (Aug. 20, 2021), DE #11; Motion for Default Judgment Against 108 Corona Realty Corp. (Aug. 20, 2021), DE #12. Plaintiff complied with Local Civil Rule 55.2(c) by mailing copies of the motions for default judgment to defendants, via the United States Postal Service, to the addresses utilized by the New York Secretary of State to effect service. See USPS Mail Receipts for First Class Furniture and Rugs Inc. (docketed on Jan. 1, 2022), DE #16-1; USPS Mail Receipts for 108 Corona Realty Corp. (docketed on Jan. 1, 2022), DE #17-1.

On January 10, 2022, this Court recommended that the District Court grant in part and deny in part plaintiff's motions for default judgment against defendants. See Report and Recommendation (Jan. 10, 2022), DE #18. Specifically, the Court recommended that (1) the District Court find defendants liable under the ADA, the NYCRL, the NYSHRL, and the NYCHRL; (2) issue an injunction requiring defendants to prepare architectural plans remedying the violations of the ADAAG described in the Complaint and provide plaintiff's counsel with those plans within sixty days of the District Court's order, and requiring defendants to implement the plans and remedy any violations within sixty days of either plaintiff's agreement or a ruling by the District Court that the plans are adequate; (3) deny plaintiff's request for a declaratory judgment as unnecessary and moot in light of the injunctive relief; (4) award plaintiff $1,500.00 in damages under the NYSHRL, NYCHRL, and NYCRL against defendants, jointly and severally; and (5) award plaintiff attorneys' fees and costs in the amount of $8,250.18 against defendants, jointly and severally. See id. at 12-13, 21-22. The Court mailed its Report and

Recommendation to defendant First Class at 4809 108th Street, First Floor, Corona, New York 11368 (the address listed with the New York Department of State for service of process) and to 1 Maiden Lane, 5th Floor, New York, New York 10038 (the registered agent listed with the New York Department of State); and to defendant 108 Corona at 111-07 43rd Avenue, Corona, New York 11368 (the address listed with the New York Department of State for service of process and the corporation's principal executive office) and 106-29 49th Avenue, Corona, New York 11368 (the address listed with the New York Department of State for the corporation's chief executive officer).[1] Plaintiff also mailed copies of the Report and Recommendation to defendants at those addresses. See Affidavit of Service (Jan. 17, 2022), DE #19.

On February 23, 2022, the District Court adopted this Court's recommendations and directed that judgment be entered accordingly. See Memorandum & Order (Feb. 23, 2022) ("2/23/22 Order"), DE #22; see also Judgment. Plaintiff mailed the District Court's Order, and the Judgment, to defendants at the addresses listed above. See Affidavit of Service (Mar. 11, 2022), DE #24.

On May 3, 2022, plaintiff filed the instant motion. See Mot. for Contempt; Second Affidavit of Attorney's Fees, Costs, and Declaration (May 3, 2022) ("Second Attorney Aff."), DE #26. The following day, the District Court directed defendants to show cause "why the Court should not hold [d]efendants in contempt for violating the injunction issued by the Court." Order (May 4, 2022). Plaintiff mailed copies of Judge Komitee's May 4th Order to Show Cause

---

[1] The initial mailings by the Court were returned to sender for insufficient postage and re-sent to defendants on January 21, 2022. See Order (Jan. 21, 2022). Accordingly, the Court extended defendants' time to object to the Report and Recommendation until February 7, 2022. Id.

to defendants at the addresses described above. See Affidavit of Service (May 5, 2022), DE #27. This Court subsequently directed plaintiff to comply with Local Civil Rule 83.6, which requires that, to initiate contempt proceedings against a party who has never appeared in the action, "service shall be made personally, together with a copy of [] Local Civil Rule 83.6, in the manner provided for by the Federal Rules of Civil Procedure for the service of a summons." S.D.N.Y./E.D.N.Y. Local Civ. R. 83.6; see Order (May 6, 2022). Accordingly, plaintiff served his motion papers and Judge Komitee's May 4th Order to Show Cause on defendants through the New York Secretary of State pursuant to Rule 4 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(e)(1) (service may be effected by "following state law . . . [of] the state where the district court is located . . . ."); id. 4(h)(1)(B) ("a domestic . . . corporation . . . [may] be served . . . in a judicial district of the United States . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"); N.Y. Bus. Corp. L. § 306(b)(1) (providing for service of process on "the secretary of state as agent of a domestic or authorized foreign corporation").

Defendants have not responded to Judge Komitee's May 4th Order to Show Cause.

## DISCUSSION

### I. Magistrate Judge's Jurisdiction

A magistrate judge's authority in contempt proceedings is to "certify the facts to a district judge and [to] serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge

upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified." 28 U.S.C. § 636(e)(6)(B). "In determining whether to certify facts to the district court, 'the magistrate judge's role is to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt.'" Fed. Ins. Co. v. CAC of NY, Inc., No. 14-cv-4132 (DRH)(SIL), 2015 WL 5190850, at *3 (E.D.N.Y. Sept. 4, 2015) (quoting Hunter TBA, Inc. v. Triple V Sales, 250 F.R.D. 116, 118 (E.D.N.Y. 2008)); see Sweigert v. Goodman, 1:18-cv-08653 (VEC) (SDA), 2021 WL 4295262, at *1 n.1 (S.D.N.Y. Sept. 21, 2021). If a magistrate judge certifies the facts to the district court, "the district court must then conduct a *de novo* hearing at which issues of fact and credibility determinations are made." Lynch v. Southampton Animal Shelter Found., Inc., No. CV 10-2917(ADS)(ETB), 2013 WL 80178, at *5 (E.D.N.Y. Jan. 7, 2013) (internal quotation marks and citation omitted), adhered to on reconsideration, 2013 WL 1563468 (E.D.N.Y. Apr. 12, 2013). On the other hand, "[a] magistrate judge may decline to certify the facts of an alleged contempt to the district judge when he or she determines that the conduct does not rise to the level of contempt." Lynch, 2013 WL 80178, at *5.

## II. Legal Standard for Contempt

It is well established that "courts have inherent power to enforce compliance with their lawful orders through civil contempt." Spallone v. United States, 493 U.S. 265, 276 (1990) (quoting Shillitani v. United States, 384 U.S. 364, 370 (1966)); see S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010). In addition, Rule 70 of the Federal Rules of Civil Procedure provides for contempt as a remedy if a party fails to comply with a judgment

requiring the performance of a specific act. See Fed. R. Civ. P. 70(e). The purpose of civil contempt is both remedial and coercive. See United States v. Twentieth Century Fox Film Corp., 882 F.2d 656, 661 (2d Cir. 1989); Badgley v. Santacroce, 800 F.2d 33, 36 (2d Cir. 1986) (purpose of civil contempt "is to compel a reluctant party to do what a court requires of him"). An alleged contemnor may be held in civil contempt for failure to comply with a court order if: "(1) the order is clear and unambiguous, (2) proof of noncompliance is also clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." SEC v. Durante, 641 F.App'x 73, 76 (2d Cir. 2016); see Latino Officers Ass'n City of N.Y., Inc. v. City of New York, 558 F.3d 159, 164 (2d Cir. 2009). "It need not be established that the violation [of a court order] was willful." Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 655 (2d Cir. 2004). While the inability of an alleged contemnor to comply with a court order constitutes a defense to a charge of civil contempt, the burden is on the alleged contemnor to "establish his inability clearly, plainly, and unmistakably." Huber v. Marine Midland Bank, 51 F.3d 5, 10 (2d Cir. 1995). "If he 'offers no evidence as to his inability to comply . . . or stands mute,' he has not met his burden." Id. (quoting Maggio v. Zeitz, 333 U.S. 56, 75 (1948)).

**III. Application of the Law to the Facts of this Case**

Having analyzed the facts of this case in light of the legal standards described above, this Court determines that the conduct of defendants clearly violated Judge Komitee's Injunction and certifies that plaintiff has established a prima facie case for contempt.

7

### A. The Order is Clear and Unambiguous

"A clear and unambiguous order is one that leaves no uncertainty in the minds of those to whom it is addressed, who must be able to ascertain from the four corners of the order precisely what acts are forbidden." S. New England Tel. Co., 624 F.3d at 145 (quoting King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995)). Such an order must be "specific and definite enough to apprise those within its scope of the conduct that is being proscribed." Leser v. U.S. Bank Nat'l Ass'n, No. 09-CV-2362 (KAM)(ALC), 2011 WL 1004708, at *8 (E.D.N.Y. Mar. 18, 2011) (internal quotation marks and citation omitted).

Here, the Court's Injunction, embodied in the Judgment, was clear and specific, and can have left "no uncertainty in the minds" of defendants. See S. New England Tel., 624 F.3d at 145; Hess v. N.J. Transit Rail Operations, Inc., 846 F.2d 114, 116 (2d Cir. 1988); Leser, 2011 WL 1004708, at *9. The Judgment clearly required defendants to "prepare architectural plans remedying the ADAAG violations described in the Complaint and provide [p]laintiff's counsel with those plans within sixty days of this order[.]" See Judgment at 1. Therefore, it was clear and unambiguous that "[d]efendants should have provided architectural plans to [p]laintiff's counsel by April 25, 2022." Motion for Contempt at 1.

### B. The Proof of Noncompliance is Clear and Convincing

"In the context of civil contempt, the clear and convincing standard requires a quantum of proof adequate to demonstrate a 'reasonable certainty' that a violation occurred." Levin v. Tiber Holding Corp., 277 F.3d 243, 250 (2d Cir. 2002). Counsel avers, and it is undisputed, that defendants failed to comply with Judge Komitee's Injunction by providing him with architectural

plans.  See Declaration of Michael Grinblat (June 17, 2022) ("6/17/22 Grinblat Decl.") ¶ 5, DE #32.[2]  Accordingly, this Court concludes that plaintiff has demonstrated defendants' noncompliance by clear and convincing evidence.

### C. The Contemnor Did Not Exercise Reasonable Diligence in Attempting to Comply with the 2/23/22 Order

It is similarly clear that defendants made no effort to comply with Judge Komitee's 2/23/22 Order.  They have failed to explain their noncompliance, and have not otherwise identified any ambiguities in Judge Komitee's directive.  Indeed, in simply ignoring plaintiff's motions at every turn, defendants have failed to exercise reasonable diligence.  See Hunter, 250 F.R.D. at 120 (finding element satisfied where alleged contemnor "failed to appear at any of the recent proceedings in [the] case and [had] not made any effort to contact the Court or plaintiff's counsel").

## IV. Attorneys' Fees and Costs

Plaintiff requests an award of $14,220 in attorneys' fees and $281.04 in costs incurred since Judge Komitee issued his February 23, 2022 Memorandum & Order (which had already awarded him $8,250.18 in fees and costs).  See Second Attorney Aff.; Third Affidavit of Attorney's Fees, Costs, and Declaration (June 17, 2022) ("Third Attorney Aff."), DE #33. Along with his motion for an order to show cause that defendants be held in contempt, plaintiff had initially requested an award of fees in the amount of $7,545.  See Second Attorney Aff.

---

[2] Plaintiff initially proffered only counsel's unsworn assertion as to defendants' noncompliance.  See Mot. for Contempt at 3.  As discussed in a subsequent section of this opinion, see *infra* pp. 10, 14-15, at this Court's direction, plaintiff's counsel thereafter provided a declaration under oath to that effect.  See 6/17/22 Grinblat Decl.

Thereafter, when this Court ordered plaintiff to cure his deficient application by submitting a sworn statement as to defendants' noncompliance with Judge Komitee's Injunction, see *supra* note 2, plaintiff seized upon that opportunity to request an *additional* award of fees in the amount of $6,675 for time purportedly spent by counsel after filing his contempt-related fee request one month earlier. See Third Attorney Aff. at 1. For the reasons discussed below, this Court recommends that plaintiff be awarded an additional sum for fees and costs postdating those captured by the $8,250.18 award in the February 23, 2022 Memorandum & Order, but only a fraction of the more than $14,000 supplemental fee award that plaintiff now seeks.

A district court may award attorneys' fees and costs to the victim of contempt. See Weitzman v. Stein, 98 F.3d 717, 719 (2d Cir. 1996). In determining whether to award fees, "courts have focused on the willfulness of the contemnor's misconduct." Id. "The contemnor's disobedience is willful if the 'contemnor had actual notice of the court's order, was able to comply with it, did not seek to have it modified, and did not make a good faith effort to comply.'" Tacuri v. Nithun Constr. Co., 14-CV-02908 (CBA) (RER), 2019 WL 6914042, at *2 (E.D.N.Y. Dec. 19, 2019) (quoting New York State Nat'l Org. for Women v. Terry, 952 F.Supp. 1033, 1044 (S.D.N.Y. 1997), aff'd, 159 F.3d 86 (2d Cir. 1998)).

Judged by these standards, defendants willfully disobeyed Judge Komitee's Injunction and the May 4th Order to Show Cause. Plaintiff served defendants with both orders by mail, and served the May 4th Order to Show Cause according to Rule 4 of the Federal Rules of Civil Procedure. Defendants therefore appear to have had actual notice of both orders but have not attempted to comply or have the orders modified. Accordingly, the Court finds that an award of

10

reasonable attorney's fees is appropriate here. See Tacuri, 2019 WL 6914042, at *2 (awarding attorneys' fees as compensatory sanction after contemnor failed to respond to court's orders).

The goal of an attorney fee award for a victim of contempt is compensatory. See Tacuri, 2019 WL 6914042, at *2 (citing Weitzman, 98 F.3d at 719). In determining whether plaintiff's requested fee is a "reasonable" sanction under the circumstances, the Court employs the "lodestar" method, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. See Hunter v. City of New York, 12-CV-6139 (MKB), 2021 WL 4942769, at *4 (E.D.N.Y. Oct. 22, 2021) (applying lodestar method to determine fees on sanctions motion); Toussie v. Allstate Ins. Co., 15 CV 5235 (ARR), 2019 WL 2435852, at *25 (E.D.N.Y. Feb. 6, 2019) (same), adopted, 2019 WL 2082462 (E.D.N.Y. May 13, 2019). This lodestar (or presumptively reasonable fee) is essentially "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks and citation omitted); see Safeco Ins. Co. of Am. v. M.E.S., Inc., 790 F.App'x 289, 292 (2d Cir. 2019). The movant bears the burden of proving the reasonableness of the rate charged and the necessity of the hours spent. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Savoie v. Merchs. Bank, 166 F.3d 456, 463 (2d Cir. 1999).

Here, plaintiff seeks an additional award of $14,220 in attorneys' fees based on 44.6 hours of time that Michael Grinblat claims to have spent on legal tasks, and 11.2 hours on administrative tasks, at the rates of $300 per hour and $75 per hour, respectively. See Second Attorney Aff. at 1-2; Third Attorney Aff. at 1. The $300 hourly rate sought by Mr. Grinblat,

who has been practicing law for more than 18 years, see Second Attorney Aff. at 3-4, is the rate approved by this Court (and adopted by Judge Komitee) for Mr. Grinblat in connection with the motion for default judgment, see Treyger v. First Class Furniture & Rugs Inc., 21-CV-2902 (EK) (RLM), 2022 WL 543026, at *8 (E.D.N.Y. Jan. 10, 2022) (recommending reduction of hourly rate from $330 to $300), adopted, 2022 WL 541795 (E.D.N.Y. Feb. 23, 2022); see also Grinblat v. H & 6 Assoc. Inc., 19-CV-2034 (LDH) (SMG), 2020 WL 7000347, at *3 (E.D.N.Y. July 10, 2020) (recommending reducing hourly rate of $544 to $300 for Mr. Grinblat as a solo practitioner with more than 16 years of experience), adopted, 2020 WL 6110826 (E.D.N.Y. Oct. 15, 2020). The Court likewise approved an hourly rate of $75 per hour for the administrative work performed by Mr. Grinblat. See Treyger, 2022 WL 543026, at *7-8; see also H & 6 Assoc., 2020 WL 7000347, at *5 (recommending hourly rate of $75 for paralegal/secretarial work performed by Mr. Grinblat). The Court adheres to those findings.

Concerning the number of hours billed to this matter, plaintiff has proffered statements of Mr. Grinblat, along with contemporaneous billing records setting forth the dates, amount of time spent and description of the services performed. See Second Attorney Aff.; Invoice dated May 3, 2022 (May 3, 2022) ("Billing Records, DE #26-1"), DE #26-1; Third Attorney Aff.; Invoice dated June 17, 2022 (June 17, 2022) ("Billing Records, DE #33-1"), DE #33-1. Having carefully reviewed the time records, this Court finds that the vast majority of the time charges should be disallowed, as the work performed was excessive, duplicative and/or otherwise unrecoverable.

First, the services that predated defendants' violation of Judge Komitee's Injunction,

12

which triggered the instant contempt motion, were not "necessitated by the contempt proceedings," S.D.N.Y./E.D.N.Y. Local Civ. R. 83.6(a). As plaintiff acknowledges, "[t]o comply with the Court's order, Defendants should have provided architectural plans to Plaintiff's counsel by April 25, 2022." Mot. for Contempt at 1. Accordingly, counsel cannot recover on this motion for work performed prior to the violation of the Injunction, which occurred on April 25, 2022, the expiration of the sixty-day period for defendants to provide architectural plans remedying the ADAAG violations. Indeed, the billing records themselves make clear that the work required to enforce Judge Komitee's Injunction began on April 25th. See generally Billing Records, DE #26-1, billing entry for 4/25/22 ("Research. Conducted research on how to enfo[r]ce an injunction by reading treatises, Federal Litigation Guide and Moore's Federal Practice."). Moreover, to the extent plaintiff's fee request includes time spent in connection with plaintiff's motions for default judgment, which resulted in a judgment entered on February 25, 2022, see Judgment, such a request is untimely, see Fed. R. Civ. P. 54(d)(2)(B) ("the motion [for attorneys' fees] must be filed and served no later than 14 days after entry of judgment . . . ."). Thus, the time spent by counsel prior to April 25, 2022 is not compensable on this motion for contempt. See Plaza Motors of Brooklyn v. Rivera, 19-CV-6336 (LDH), 2022 U.S. Dist. LEXIS 4768, at *13 (E.D.N.Y. Jan. 10, 2022) (recommending denying fees for "time counsel spent before the drafting of the motion for contempt"); Broker Genius Inc. v. Seat Scouts LLC, 17-CV-8627 (SHS), 2019 WL 3773856, at *3 (S.D.N.Y. Aug. 12, 2019) (finding that "work related to non-contempt issues" was not compensable on motion for contempt); Tacuri, 2019 WL 6914042, at *3 & n.3 (denying fees "for work that pre-dates Defendants' willful disobedience of a

13

court order"); S.D.N.Y./E.D.N.Y. Local Civ. R. 83.6(a) ("A reasonable counsel fee, *necessitated by the contempt proceedings*, may be included as an item of damage[.]") (emphasis added).

Similarly, with one limited exception, the time counsel spent on tasks after filing plaintiff's motion for a contempt citation on May 3, 2022 should not be included in the fee award. It is well established that "excessive, redundant, or otherwise unnecessary" hours should be excluded from the fee-shifting calculation. Hensley, 461 U.S. at 434. A district court "must examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case." DiFilippo v. Morizio, 759 F.2d 231, 235 (2d Cir. 1985). This includes an assessment of "what is appropriate for the scope and complexity of the particular litigation." New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983).

The only substantive work that was required of counsel after moving for contempt was a sworn statement as to defendants' noncompliance with Judge Komitee's Injunction. See Order (June 17, 2022) (directing plaintiff to "supplement his motion with a sworn statement or other evidence to support his position that defendants failed to comply with the injunction issued by Judge Komitee"). According to Mr. Grinblat's billing records, he spent 0.4 hours drafting that declaration, see Billing Records, DE #33-1, billing entry for 6/17/22 at ECF p. 10, which consists of a single page of text plus a signature page, see 6/17/22 Grinblat Decl. Nevertheless, counsel billed a staggering 12.6 hours for work performed in June in preparing a totally unnecessary second attorney fee application, as well as a motion for contempt, which is largely

identical to the original motion for an order to show cause. <u>Compare</u> DE #25 <u>with</u> DE #31; <u>see</u> Billing Records, DE #33-1.

In addition to these categories for which attorneys' fees should be disallowed entirely, further reductions in the fees requested are necessary because of excessive time billed. In his May fee application, counsel billed 5.5 hours (at $300 per hour) for preparing his firm's billing records to be submitted in support of the original motion for attorneys' fees. <u>See</u> Billing Records, DE #26-1, billing entries for 5/2/22, 5/3/22. Although the Court recommends awarding fees for the time counsel spent drafting the May 2022 motion for attorneys' fees, the contemporaneous time records that counsel was required to maintain should have been readily available without a significant expenditure of time. It is grossly excessive for counsel to have spent 5.5 hours compiling billing records in support of his fee application.

Other questionable time entries concern much more limited blocks of time; nevertheless, taken together, they reflect a timekeeper intent on inflating his billings. For example, Mr. Grinblat billed 0.2 hours at his $300 hourly rate for each time that he drafted a transmittal letter to each of the two defaulting defendants, and billed twice for each letter since he mailed each to two addresses. <u>See</u> Billing Records, DE#26-1, billing entries for 5/3/22 (totaling 0.8 hours); Billing Records, DE #33-1, billing entries for 5/5/22 (same), 6/17/22 (same). Counsel also billed 0.1 hours at $300 per hour each time he reviewed the receipt (or "bounce") for his own ECF filing. <u>See</u> Billing Records, DE #33-1, billing entries for 5/3/22 (0.2 hours), 5/5/22 (0.1 hours), 5/12/22 (0.1 hours), 5/19/22 (0.2 hours), 6/17/22 (0.3 hours).[3]

---

[3] Indeed, one may reasonably infer that Mr. Grinblat spent more time entering at least some of those time charges than

In addition, in his most recent fee application, Mr. Grinblat recorded time at his regular attorney rate for administrative tasks that should have been recorded at reduced rates. After this Court directed plaintiff to serve defendants pursuant to Local Civil Rule 83.6, counsel billed 4 hours at his $300 hourly rate, for arranging for such service and filing the affidavit of service.[4] See Billing Records, DE #33-1, billing entries for 5/6/22 (1 hour), 5/7/22 (0.8 hours), 5/12/22 (0.9 hours), 5/13/22 (0.4 hours), 5/18/22 (0.5 hours), 5/19/22 (0.4 hours). And each time counsel electronically filed a document with the Court, he billed at his regular attorney rate for the task. See Billing Records, DE #33-1, billing entries for 5/5/22 (0.2 hours), 5/12/22 (0.1 hours), 5/19/22 (0.4 hours), 6/17/22 (0.6 hours).

Although some courts have denied fees entirely where, as here, a fee request is "outrageously excessive," see Toussie v. County of Suffolk, No. 01–CV–6716 (JS)(ARL), 2012 WL 3860760, at *5-6 (E.D.N.Y. Sept. 6, 2012) (citing cases), this Court recommends a more measured approach in this case. Forfeiture of fees would be too extreme a penalty, notwithstanding the grossly inflated hours claimed by counsel. Nevertheless, the award of fees should reflect that, once the Injunction and Judgment were entered, minimal time and labor were required to perform legal services on behalf of plaintiff in this straightforward matter. Accordingly, this Court recommends that plaintiff be awarded $2,347.50 in attorneys' fees ($300 per hour x 7.3 hours + $75 per hour x 2.1 hours) based on the May 2022 attorney fee application

---

he spent performing the task—i.e., reading the ECF bounces—for which fees are being sought.

[4] Also included in those 4 hours were entries totaling 0.9 hours billed in connection with obtaining an extension of time to complete service. See Billing Records, DE #33-1, billing entries for 5/12/22.

and an additional $120 ($300 per hour x 0.4 hours)[5] for drafting the one-page declaration as to defendants' noncompliance, for a total of $2,467.50.

Plaintiff also seeks $281.04 in costs. Reasonable out-of-pocket expenses that are ordinarily charged to clients are compensable. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998). For the reasons discussed above, those costs incurred before April 25, 2022 (the violation of the injunction) are not compensable on this motion. The costs incurred after April 25, 2022 consist of postage fees in the amount of $67.08 and service of process fees in the amount of $120.00. Those costs are reasonable and the Court recommends that plaintiff be awarded $187.08 in costs.

## V. Proposed Remedy

Plaintiff requests that the Court "impose coercive penalties on [defendants], jointly and severally, to enforce the Injunction, including at a minimum a $500 penalty for each day the contempt continues[.]" Mot. for Contempt at 5. "Importantly, in selecting contempt sanctions, a court is obligated to use the 'least possible power adequate to the end proposed.'" Leser, 2011 WL 1004708, at *11 (quoting Shillitani, 384 U.S. at 371). Having certified that plaintiff has established a prima facie case for contempt, the Court respectfully recommends that the District Court schedule a show-cause hearing why defendants should not be held in contempt of court. See 28 U.S.C. § 636(e)(6). This Court further recommends that, in the event the District Court finds defendants to be in contempt, the Court issue an order directing that, unless defendants fully comply with the Injunction by providing plaintiff's counsel with architectural plans within

---

[5] Billing Records, DE #33-1, billing entry for 6/17/22.

17

fourteen days of the issuance of such order, defendants must pay plaintiff a monetary amount that the District Court determines, in its discretion, to be reasonable, for each week thereafter in which they remain noncompliant. See Tacuri, 2019 WL 6914042, at *3; Soundkillers LLC v. Young Money Ent., LLC, 14cv7980 (KBF) (DF), 2016 WL 4990257, at *5-6 (S.D.N.Y. Aug. 2, 2016), adopted, 2016 WL 4926198 (S.D.N.Y. Sept. 15, 2016); Giuliano v. N.B. Marble Granite, No. 11–MC–00753 (JG)(VMS), 2014 WL 2805100, at *10 (E.D.N.Y. June 20, 2014); Leser, 2011 WL 1004708, at *12.

## CONCLUSION

For the foregoing reasons, this Court certifies the facts sufficient to hold defendants First Class Furniture and Rugs Inc. and 108 Corona Realty Corp. in contempt. The Court respectfully recommends that Judge Komitee schedule a hearing and require defendants to appear and show cause why they should not be held in contempt. The Court further recommends that plaintiff be awarded $2,467.50 in attorney's fees and $187.08 in costs, as a compensatory sanction, if Judge Komitee holds defendants in contempt.

Any objections to the recommendations contained herein must be filed with Judge Komitee on or before August 1, 2022. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is requested to docket this Report and Recommendation into the ECF court file and to mail copies to defendants at:

First Class Furniture and Rugs Inc.
4809 108th Street, First Floor
Corona, NY 11368

First Class Furniture And Rugs Inc.
c/o Spiegel & Utrera, P.A., P.C.
1 Maiden Lane, 5th Floor
New York, NY 10038

108 Corona Realty Corp.
106-29 49th Avenue
Corona, NY 11368

108 Corona Realty Corp.
Chen Zhi Ren
111-07 43rd Avenue
Corona, NY 11368

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**July 14, 2022**

/s/ *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**